UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.: CV 12-8893-JVS (MAN)                    Date: October 19, 2012

Title:   Gilbert Hernandez v. Ron Barnes
=================================================================================
DOCKET ENTRY:        ORDER TO SHOW CAUSE RE: DISMISSAL OF "MIXED" PETITION
=================================================================================

PRESENT:

                 Hon. Margaret A. Nagle    , United States Magistrate Judge

                 Earlene Carson              N/A
                 Deputy Clerk                Court Reporter/Tape No.

     ATTORNEYS PRESENT FOR PETITIONER:        ATTORNEYS PRESENT FOR RESPONDENTS:

          N/A                                      N/A

**PROCEEDINGS (In Chambers):**

This action commenced on October 16, 2012, when Petitioner -- who is represented by counsel -- filed a habeas petition, pursuant to 28 U.S.C. § 2254, which alleges five grounds for relief ("Petition").  The Petition alleges that:  Grounds One through Three were raised in the California Supreme Court on direct appeal; and Grounds Four and Five have not been raised in the California Supreme Court.  Assuming, *arguendo*, that Grounds One through Three were fairly presented in the petition for review filed by Petitioner on appeal, those claims are exhausted.  However, because Petitioner admittedly has not presented Grounds Four and Five to the California Supreme Court, those two claims are unexhausted.[1]

The Petition is "mixed," because Grounds Four and Five are unexhausted, and thus, it may not be considered.  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States

---

[1]      Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has examined the dockets of the California Court of Appeal and the California Supreme Court, which are available on the Internet.  Those dockets confirm that Petitioner's appeal concluded on July 27, 2011, when his petition for review was denied, and they do not contain evidence of any habeas filing by Petitioner in the state appellate court or the state high court.  *See* http://appellatecases.courtinfo.ca.gov.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES--GENERAL</u>

Case No.  CV 12-8893-JVS (MAN)                    Date: October 19, 2012

District Courts, it appears that summary dismissal of the Petition is required.[2]

Accordingly, Petitioner is **ORDERED TO SHOW CAUSE** why this action should not be dismissed without prejudice due to the "mixed" nature of the Petition.  **By no later than November 9, 2012**, Petitioner shall file a Response to this Order To Show Cause.  Petitioner shall advise whether he concedes that dismissal is appropriate.[3]  If Petitioner opposes dismissal, he explain why his "mixed" Petition should not be dismissed without prejudice.  If Petitioner seeks a stay, he must explain why a stay meets the requirements of, and is warranted, under either <u>Rhines v. Weber</u>, 544 U.S. 269, 275-77, 125 S. Ct. 1528, 1534-35 (2005), or <u>King v. Ryan</u>, 564 F.3d 1133, 1143 (9th Cir. 2009).

IT IS SO ORDERED.

---

[2]    Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented.  28 U.S.C. § 2254(b)(1)(A); *see also* <u>Rose v. Lundy</u>, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982); <u>Fields v. Waddington</u>, 401 F.3d 1018, 1020 (9th Cir. 2005).  Although Petitioner is represented by counsel, he has not requested a stay of this action.

[3]    Petitioner, of course, has the right to dismiss this case voluntarily and/or to dismiss his two exhausted claims and proceed with his three exhausted claims.  If he wishes to exercise either option, he may file a notice of dismissal, whether of the case as a whole or of selected claims.